Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MARTHA CAÑÓN ABUCHAR, KEYSI TERRERO FERNÁNDEZ, ROBINSON DÍAZ REYES, CENTRO DE ORIENTACIÓN Y AYUDA PSIQUIATRICA NIÑOS, INC. (COPA Y/O COPAN) Recurrida v. MANUEL DE JESÚS RODRÍGUEZ CESPEDES, YANEIRIS DE JESÚS HERNÁNDEZ FERNÁNDEZ, Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, CUIDAME INC. Peticionario | TA2025CE00438 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina, Sala 403 Caso Núm.: CA2022CV03214 Sobre: Sentencia Declaratoria, Remedios, Incumplimiento de Contrato y Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y el Juez Adames Soto[1]

**Ortiz Flores, Jueza Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de septiembre de 2025.

Comparecen ante nos el Sr. Manuel de Jesús Rodríguez Céspedes, CUIDAME, Inc. y la Sra. Yaneiris De Jesús Hernández Fernández mediante la presente petición de *Certiorari* y nos solicitan que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina de 26 agosto de 2025, notificado el día siguiente. Mediante el aludido dictamen, el foro de instancia declaró No Ha Lugar la reconsideración sobre la denegatoria de descalificación de representación legal.

Adelantamos que, por los fundamentos que se expondrán a continuación, denegamos expedir el auto de *Certiorari*.

---

[1] Conforme a la OATA-2025-176, debido a que desde el 6 de febrero de 2025, la Hon. Camille Rivera Pérez dejó de ejercer funciones como Jueza del Tribunal de Apelaciones.

**I**

Los hechos ante nuestra consideración tienen su génesis en la presentación de una *Demanda* por parte de la Sra. Nelsa Ondina Rodríguez Céspedes (Sra. Rodríguez Céspedes) y el Centro de Orientación y Ayuda Psiquiátrica Niños, Inc. (COPAN), el 30 de septiembre de 2022 sobre sentencia declaratoria, incumplimiento de contrato y daños y perjuicios, contra el Sr. Manuel De Jesús Rodríguez Céspedes, la Sra. Yaneiris De Jesús Hernández Fernández, la Sociedad Legal de Gananciales compuesta por ambos y CUIDAME, Inc. (CUIDAME) (en conjunto, parte demandada-recurrente).[2] En apretada síntesis, la Sra. Rodríguez Céspedes alegó que desde el 2009 mediante COPAN ha sostenido contratos por servicios profesionales ante la Administración de Familias y Niños del Departamento de la Familia del Gobierno de Puerto Rico (ADFAM). Arguyó que, en el año 2022, advino en conocimiento de que el Sr. Manuel de Jesús Rodríguez Céspedes, mediante CUIDAME, obtuvo un contrato sobre servicios profesionales ante la ADFAM. Adujo que luego, el 14 de marzo de 2022, compareció a la celebración de un contrato mediante el cual el Sr. Manuel De Jesús Rodríguez Céspedes y la Sra. Yaneiris De Jesús Hernández Fernández le cedieron el cien por ciento de las acciones emitidas y en circulación de CUIDAME. Arguyó que, ha cumplido cabalmente con las condiciones establecidas en el contrato, mientras que el Sr. Manuel De Jesús Rodríguez Céspedes y la Sra. Yaneiris De Jesús Hernández Fernández han incumplido con las condiciones principales y cláusulas de este.

En respuesta, el 28 de noviembre de 2022, la parte demandada presentó su *Contestación a la Demanda*.[3]

El 20 de enero de 2023, la Sra. Rodríguez Céspedes y COPAN presentaron una *Solicitud de Sustitución de Parte*, mediante la cual alegaron que el 16 de diciembre de 2022, el cien por ciento de las acciones

---

[2] Véase, Entrada Núm. 1 del Caso Núm. CA2022CV03214 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Véase, Entrada Núm. 43 del Caso Núm. CA2022CV03214 en el SUMAC.

emitidas y en circulación del COPAN fueron adquiridas por la Sra. Martha Cañón Abuchar, la Sra. Keysi Terrero Fernández y el Sr. Robinson Díaz Reyes. Como producto de dicha transacción, la Sra. Rodríguez Céspedes adujo que cedió su participación en la causa de acción personal y los derechos adquiridos mediante el contrato de Cesión y de Opción de Compraventa de Acciones a las personas antes mencionadas, por lo cual procedía la sustitución de partes. Así las cosas, el 12 de julio de 2023, notificada al día siguiente, el Tribunal de Primera Instancia emitió una *Resolución* mediante la cual autorizó la sustitución de partes.[4]

El 7 de octubre de 2023, la parte demandada presentó una *Moción Solicitando Descalificación de Representación Legal.*[5] En primer lugar, alegó que el contrato celebrado entre estos y la Sra. Rodríguez Céspedes era nulo por tener causa ilícita. Esto es así, pues arguyó que la causa del contrato de cesión era que la Sra. Rodríguez Céspedes retuviera el control y beneficio de un contrato de servicios con fondos públicos ante el ADFAM a pesar, de que la Sra. Rodríguez Céspedes estaba impedida de realizar tal acto porque fue convicta por el delito de fraude al Programa Federal de Medicare. Adujo que, tanto la Sra. Rodríguez Céspedes, como los nuevos demandantes estaban siendo representados por el Lcdo. Santiago Torres y el Bufete Santiago Torres Law, LLC. La parte demandada alegó que el Lcdo. Santiago Torres y el Bufete Santiago Torres Law, LLC estaban impedidos de representar a la parte demandante debido a varias violaciones a los Cánones del Código de Ética Profesional.

Por lo que, el 7 de noviembre de 2023, notificado el día después, el Tribunal de Primera Instancia emitió una *Resolución* mediante la cual declaró No Ha Lugar la *Moción Solicitando Descalificación de Representación Legal* de la parte demandada.[6]

Luego de varios trámites procesales, la parte demandada, el 14 de marzo de 2025, presentó una *Moción Solicitando Descalificación de*

---

[4] Véase, Entrada Núm. 140 del Caso Núm. CA2022CV03214 en el SUMAC.
[5] Véase, Entrada Núm. 153 del Caso Núm. CA2022CV03214 en el SUMAC.
[6] Véase, Entrada Núm. 160 del Caso Núm. CA2022CV03214 en el SUMAC.

*Representación Legal.*[7] En el aludido escrito, la parte demandada solicitó la descalificación del Lcdo. Santiago Torres por violaciones a los Cánones 38, 17 y 35 del Código de Ética Profesional. En esencia, alegó que el codemandado, Sr. Manuel De Jesús Rodríguez Céspedes, fue citado al Cuerpo de Investigaciones Criminales (CIC) de Carolina respecto a una querella por la comisión del delito de desfalco. Arguyó que el Agente Xavier Caraballo Rodríguez le informó que era sospechoso principal de la querella presentada por la Sra. Rodríguez Céspedes. Adujo que la Sra. Rodríguez Céspedes, acompañada del Lcdo. Santiago Torres, compareció ante el CIC para presentar una querella en donde se le imputaba al Sr. Manuel De Jesús Rodríguez Céspedes de haberse apropiado de una suma de $300,000.00 y otra suma adicional de $65,000.00. La parte demandada alegó que el Lcdo. Santiago Torres violentó los Cánones del Código de Ética Profesional, pues permitió que la Sra. Rodríguez Céspedes compareciera a un segundo foro y proveyera información falsa, aun cuando el abogado conocía que la prueba demostraba que no se sustentaba la imputación del delito de desfalco. Arguyó, además, que el Lcdo. Santiago Torres en conjunto con el Lcdo. Sánchez, indujeron a error al Tribunal ya que ocultaron el hecho de que la Sra. Rodríguez Céspedes continuaba siendo propietaria de COPAN, aún cuando se presentó en el foro primario que se había realizado un contrato para ceder los intereses y acciones de la entidad a la nueva parte demandante.

En respuesta, el 2 de abril de 2025, la parte demandante presentó una *Comparecencia en Oposición a Solicitud de Descalificación Carente de Fundamentos en Derecho para Conceder una Descalificación de un Abogado y Alternativamente en Solicitud de Vista Evidenciaría Salvaguardando el Debido Proceso de Ley.*[8]

El 12 de agosto de 2025, notificado al día siguiente, el Tribunal de Primera Instancia emitió una *Resolución* en la cual declaró No Ha Lugar a

---

[7] Véase, Entrada Núm. 160 del Caso Núm. CA2022CV03214 en el SUMAC.
[8] Véase, Entrada Núm. 288 del Caso Núm. CA2022CV03214 en el SUMAC.

la solicitud de descalificación del Lcdo. Santiago Torres.[9] En esencia, el foro de instancia razonó que no procedía la descalificación del Lcdo. Santiago Torres como representante legal de los demandantes, pues de los alegados hechos expuestos por los demandados, ocurrieron en un procedimiento penal y no en el caso civil. Del mismo modo, concluyó que, aunque tomando como cierto el hecho de que el Lcdo. Santiago Torres acompañó a la Sra. Rodríguez Céspedes para presentar la querella sobre desfalco contra el Sr. Manuel De Jesús Rodríguez Céspedes, no se justificaba privar a los demandantes de su representación legal.

En desacuerdo, la parte demandada el 26 de agosto de 2025 presentó su *Moción en Reconsideración y otros remedios*.[10] El mismo día, notificado el día después, el Tribunal de Primera Instancia emitió una *Resolución Interlocutoria* declarando No Ha Lugar a la reconsideración solicitada por los demandados.[11]

Inconforme, el 11 de septiembre de 2025, la parte peticionaria acude ante nos y nos plantea la comisión de los siguientes errores:

> El Honorable Tribunal de Instancia erró y abusó de su discreción al declarar no ha lugar a la Reconsideración sobre la Solicitud de Descalificación presentada por la Recurrente, ya que la conducta del abogado de los recurridos constituye un obstáculo para la sana administración de la justicia.

> El Honorable Tribunal de Instancia erró al no evaluar la nulidad del contrato que da base a la demanda por constituir un acto contrario al Código Anti-Corrupción del Nuevo Puerto Rico de 2018 y a la política pública de cero tolerancias.

Del mismo modo, los días 12 y 15 de septiembre de 2025, la parte peticionaria presentó ante este Tribunal los siguientes escritos: *Moción informativa* y *Escrito al Expediente Judicial Fe de* Errata.

Luego de estudiar los escritos antes mencionados, procedemos a resolver sin trámite ulterior, bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7 (B) (5), la cual nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante

---

[9] Véase, Entrada Núm. 330 del Caso Núm. CA2022CV03214 en el SUMAC.
[10] Véase, Entrada Núm. 332 del Caso Núm. CA2022CV03214 en el SUMAC.
[11] Véase, Entrada Núm. 334 del Caso Núm. CA2022CV03214 en el SUMAC.

[nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

## II

El auto de *certiorari* es un vehículo procesal extraordinario que le brinda autoridad a un tribunal de mayor jerarquía para revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023), que cita a: *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012). Aunque se trata de un recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos, como foro revisador, expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). En específico, la Regla 52.1 dispone lo siguiente:

> […]
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […]

Conforme a lo dispuesto en la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1,

toda vez que esta enumera taxativamente bajo qué supuestos se podrá expedir el auto de *certiorari*. En aquellos escenarios, en los que la materia no esté comprendida dentro de la citada regla, el tribunal revisor debe negarse a expedir el auto de *certiorari*.

Así las cosas, el primer examen al que debemos someter todo recurso de *certiorari* para determinar si debemos expedirlo es que debe tratar sobre alguna de las materias especificadas en la citada Regla 52.1 de Procedimiento Civil, *supra*. Este examen es mayormente objetivo. Por esto, se ha señalado que "los litigantes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes y resoluciones de asuntos que no estén cobijados bajo las disposiciones de la Regla 52.1". Hernández Colón, *Derecho Procesal Civil*, 5ta ed., LexisNexis, San Juan, 2010, pág. 476.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, de acuerdo con lo dispuesto en la citada Regla 40, *supra*, debemos evaluar "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008) que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79 (2001). Así pues, la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros",[12] sino que como Tribunal revisor debemos ceñirnos a los criterios antes citados. Si luego de evaluar los referidos criterios, este tribunal decide no expedir el recurso, podemos fundamentar nuestra determinación, mas no tenemos la obligación de así hacerlo.[13]

**III**

La parte peticionaria nos plantea que el Tribunal de Primera Instancia erró y abusó de su discreción al declarar no ha lugar a la reconsideración sobre la solicitud de descalificación, pues alega que la conducta del abogado de los recurridos constituye un obstáculo para la sana administración de la justicia. Del mismo modo, la parte peticionaria nos señala que el Tribunal de Primera Instancia incidió al no evaluar la nulidad del contrato que da base a la demanda por constituir un acto contrario al Código Anti-Corrupción del Nuevo Puerto Rico de 2018 y a la política pública de cero tolerancias.

Tras evaluar los criterios de la Regla 52.1 de Procedimiento Civil, supra, y de la Regla 40 de este Tribunal, supra, resolvemos que no existe razón alguna para ejercer nuestra discreción en el caso ante nuestra consideración. Somos del criterio que no se justifica nuestra intervención en esta etapa del procedimiento, por tal razón procedemos a denegar la expedición del auto de c*ertiorari* para que continúen los procedimientos del manejo del caso en el Tribunal de Primera Instancia.

---

[12] *IG Builders v. BBVAPR*, 185 DPR 307, 338 (2012) que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[13] 32 LPRA Ap. V, R. 52.1.

**IV**

Por los fundamentos que nos anteceden, denegamos expedir el auto de *Certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones